IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 AUG -3 PM 5: 16

THOMAS M. GOULD
CLERK, US. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| SYLVESTER L. FARMER, | X | |
| Petitioner, | X | |
| vs. | X | No. 03-2130-D |
| ROBERT WALLER, | X | |
| Respondent. | X | |

ORDER CORRECTING THE DOCKET
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Petitioner Sylvester L. Farmer, Tennessee Department of Correction prisoner number 154129, who is currently an inmate at the Lois M. DeBerry Special Needs Facility ("LDSNF") in Nashville, Tennessee, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Middle District of Tennessee on January 16, 2003. Farmer paid the habeas filing fee and also filed a motion seeking leave to proceed in forma pauperis. District Judge Todd Campbell issued an order on February 7, 2003 transferring the petition to this district, where it was docketed on March 4, 2003. The Clerk shall record the respondent as Robert Waller, the current warden of the

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on ___8-8-05___

4

LDSNF. The Clerk shall terminate James M. Davis, the warden at the petitioner's previous prison, as a party to this action.

Because the petitioner has paid the habeas filing fee, the motion to proceed in forma pauperis is DENIED as moot.

I. STATE COURT PROCEDURAL HISTORY

On November 14, 1990, Farmer was convicted after a jury trial in the Shelby County Criminal Court of second degree murder in connection with the shooting death of his wife, and he was sentenced as a Range I offender to twenty-five (25) years imprisonment. The Tennessee Court of Criminal Appeals affirmed. State v. Farmer, 841 S.W.2d 837 (Tenn. Crim. App. 1992), perm. app. dismissed (Tenn. Aug. 31, 1992).

Farmer filed a petition pursuant to the then-current version of the Tennessee Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-201 to -222, in the Shelby County Criminal Court on or an unspecified date in which he alleged that his trial and appellate counsel rendered ineffective assistance in violation of the Sixth Amendment. The postconviction court denied the petition without an evidentiary hearing, and the Tennessee Court of Criminal Appeals affirmed. Farmer v. State, No. 02C01-9602-CR-00067, 1998 WL 107999 (Tenn. Crim. App. Mar. 13, 1998), perm. app. denied (Tenn. Sept. 21, 1998).

2

II.      PETITIONER'S FEDERAL HABEAS CLAIMS

The issues presented in this federal habeas petition are not clearly articulated. The issues that were enumerated are as follows:

1. Whether the indictments are unconstitutional;

2. Whether he was charged with a nonexistent felony under a repealed enhancement statute concerning employment of a homicide;

3. Whether the indictments were charging two different offenses concerning the homicide, rendering it impossible for a reasonable trier of fact to have concluded that he was guilty beyond a reasonable doubt;

4. Whether the indictments are fatally defective because the material issues were not proven; and

5. Whether the trial court should have given the jury the option of convicting the petitioner of a lesser included offense.

In addition, the petition also includes excerpts from the various state-court documents, interspersed with the petitioner's commentary, that appears to raise additional issues.

III. ANALYSIS OF THE MERITS

The first issue to be considered is the timeliness of this petition. Twenty-eight U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the

3

>   expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioners whose convictions became final before the effective date of the AEDPA had a one-year grace period, until April 24, 1997, to seek federal habeas relief. Brown v. O'Dea, 187 F.3d 572, 577 (6th Cir. 1999), vacated on other grounds, 530 U.S. 1257 (2000).[1]

Application of these provisions in this case is fairly straightforward, although it is not possible to calculate precisely when the limitations period expired because the date on which

---

[1] State convictions ordinarily become "final" within the meaning of § 2244(d)(1)(A) at the expiration of the time for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000).

4

Farmer filed his postconviction petition is unknown. Because Farmer's conviction became final before April 23, 1996, he had until April 23, 1997 to file a timely § 2254 petition. The running of the limitations period was tolled, pursuant to 28 U.S.C. § 2244(d)(2), when Farmer filed his postconviction petition, and the running of the limitations period recommenced on December 21, 1998, the expiration of the time for filing a petition for a writ of certiorari in connection with the dismissal of his postconviction petition. The one-year limitations period expired no later than December 21, 1999, and this petition, which was signed on December 17, 2002, is plainly time barred.[2]

The one-year limitations period applicable to § 2254 motions is subject to equitable tolling. Griffin v. Rogers, 308 F.3d 647, 652-53 (6th Cir. 2002); see also Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001) (equitable tolling also applies to § 2255 motions). Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

---

[2] Section 2244(d)(1) provides that the limitations period begins to run from the latest of the four specified circumstances. In this case, however, an examination of Farmer's petition reveals no basis for concluding that the limitations period commenced at any time later than the date on which his conviction became final.

5

Dunlap, 250 F.3d at 1008.[3]

The Sixth Circuit has stated that "equitable tolling relief should be granted only sparingly." Amini, 259 F.3d at 500; see also Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003); Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003).

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also King v. United States, 63 Fed. Appx. 793, 795 (6th Cir. Mar. 27, 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when pro se litigant missed filing deadline by one day). Thus, ignorance of the law by pro se litigants does not toll the limitations period. Price v. Jamrog, 79 Fed. Appx. 110, 112 (6th Cir. Oct. 23, 2003); Harrison v. I.M.S., 56 Fed. Appx. 682, 685-86 (6th Cir. Jan. 22, 2003); Miller v. Cason, 49 Fed. Appx. 495, 497 (6th Cir. Sept. 27, 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 Fed. Appx. 373, 374 (6th Cir. Sept. 21, 2001) ("Ignorance of the limitations

---

[3] This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001) (citing Dunlap); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

6

period does not toll the limitations period."); cf. Jurado, 337 F.3d at 644-45 (lawyer's mistake is not a proper basis for equitable tolling).[4]

Farmer cannot satisfy his burden of demonstrating that equitable tolling would be appropriate in this case. The petition presents no explanation for Farmer's failure to file a timely habeas petition. Although it is possible that Farmer was unaware of the federal limitations period, that ignorance does not excuse his failure timely to file. Moreover, in light of the four-year delay between the dismissal of Farmer's postconviction petition and the filing of the instant petition, Farmer was not diligent in protecting his rights. See Pace v. DiGugliolmo, 125 S. Ct. 1807, 1815 (2005).

Accordingly, the Court DISMISSES the petition, in its entirety, as time barred.[5]

IV. APPEAL ISSUES

The Court must also determine whether to issue a certificate of appealability ("COA"). The statute provides:

---

[4] See also Cobas v. Burgess, 306 F.3d 441 (6th Cir. 2002) ("Since a petitioner does not have a right to assistance of counsel on a habeas appeal . . . , and because an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations . . . , we are loath to impose any standards of competency on the English language translator utilized by the non-English speaking habeas petitioner.").

[5] Although the Court ordinarily does not address the merits of untimely claims, it is also readily apparent that Farmer did not exhaust the claims presented in this petition in state court, as required by 28 U.S.C. § 2254(b)(1). As no further avenues exist for doing so, the claims are barred by procedural default.

7

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2254 petitioner may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

8

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[6]

In this case, there can be no question that any appeal by this petitioner on any of the issues raised in this petition does

---

[6] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

not deserve attention as the petition is time barred. The Court, therefore, DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying habeas petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a habeas case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal in forma pauperis is DENIED. Accordingly, if petitioner files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion

10

to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this ___3rd___ day of August, 2005.

*[signature]*
BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:03-CV-02130 was distributed by fax, mail, or direct printing on August 8, 2005 to the parties listed.

---

Sylvester L. Farmer
DEBERRY SPECIAL NEEDS FACILITY
#154129
7575 Cockrill Bend Industrial Rd.
Nashville, TN 37209--105

Honorable Bernice Donald
US DISTRICT COURT